UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CENTER OF BIOLOGICAL DIVERSITY, ET AL. | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| MAN AGAINST XTINCTION A/K/A M. A. X. | ) | |
| | ) | |
| *Proposed Plaintiff-Intervenor* | ) | Civil Action No. |
| | ) | |
| v. | ) | 1:18-cv-00112-JEB |
| | ) | |
| WILBUR ROSS, *et al*. | ) | 10 May 2021 |
| | ) | |
| *Defendants* | ) | |
| | ) | |
| MASSACHUSETTS LOBSTERMEN'S ASSOC., *et al*. | ) | |
| | ) | |
| *Intervenor-Defendants* | ) | |

_____

MAN AGAINST XTINCTION'S MOTION TO INTERVENE AS A PLAINTIFF TO STOP
THE EXISTING PARTIES EXTIRPATION OF THE NORTHERN RIGHT WHALE SPECIES

_____

I, Richard Maximus Strahan, known nationally as Man Against Xtinction and appointed by Congress as a Citizen Attorney General & acting as the Voice of the Whale, hereby SPEAKS:

M. A. X. is PETITIONING the Court pursuant to his constitutionally protected right pursuant to FRCP Rule 26 to intervene as a matter of right as a plaintiff in the instant action. M. A. X is seeking to prosecute the Defendants and Intervenor-Defendants ("Defendant Parties") for their acting in concert over the course of decades to repeatedly and deliberately engage in conduct prohibited by the Section 9 take prohibitions of the Endangered Species Act (ESA). The current plaintiffs do not serve the Public Interest nor are they seeking to protect the preservation of endangered species protected under the ESA. Instead, they are whale interested NGOs ("WINGOS") who in reality are serving in the instant action as "Trojan Horse Plaintiffs." As such, they are seeking to aid the Defendant Parties' evasion of any enforcement of the ESA's Section 9 prohibitions enforced against them or their marine fisheries activities.

The Defendants & Defendant-Intervenors ("Defendant Parties") are the *de facto* controlling agents for the administrative implementation and enforcement of the federal regulatory scheme for the commercial harvesting of species of marine wildlife. Currently the Defendant Parties are acting in concert to require the use of vertical buoy ropes by lobsterpot and gillnet fisheries along the United States northeast coastline. VBR routinely entangles, injures and/or kills members of species of whales and sea turtles listed as endangered under the Endangered Species Act (ESA Listed Species). As a result of the said use of VBR since 1973, the Northern Right Whale population has been devastated and being currently reduced in size annualy to the point where their imminent extinction is now inevitable. **FN1**

The Trojan Horse Plaintiffs are not asking and have no intention of asking the Court to immediately stop the Defendants requiring the use of Vertical Buoy Ropes in the lobsterpot and gillnet fisheries they license off the US northeast coast. Instead, they are asking the Court to allow the required continued use of VBR by the Defendant Parties.

Right Whales will in 2021 continue to be killed by the Defendant Parties Fishing Activity. NOAA/NMFS will continue to license and require the use of VBR unless M. A. X. is allowed to be an Intervenor-Plaintiff in the instant action to put a stop to it.

---

[1] Since the instant action was commenced, the remaining Northern Right Whale population has been further reduced by 11% by the Defendant Parties ESA prohibited conduct. The federal defendants themselves main

ARGUMENT

I.   M. A. X. IS ENTITLED TO INTERVENE AS OF RIGHT

Federal Rule of Civil Procedure 24(a)(2) provides the following, in relevant part, with regard to intervention as of right: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). From this Rule, courts have derived a four-part test for intervention as of right: (1) timeliness; (2) a cognizable interest; (3) impairment of the interest; and (4) inadequate representation by existing parties. See, e.g., Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003).

A.   *Motion for Intervention is Timely.*

M. A. X. in 2019 commenced an ESA enforcement action against the federal Defendants in the USDC District of Maine. In doing so, M. A. X. petitioned that court to enjoin NOAA/NMFS' ongoing licensing lobsterpot and gillnet fishing using VBR off the US northeast coastline. That court denied any opportunity by M. A. X. to prosecute NOAA/NMFS for any reason. It explicitly stayed the proceedings pending the outcome of the instant action. M. A. X. then struggled to have the case dismissed without prejudice so he could intervene in the instant action. That court refused his several request to dismiss without prejudice despite the defendant NOAA/NMFS informing that court in its filings that it did not object to the dismissal. M. A. X. eventually compelled the termination of that instant action by that court earlier in 2021.

In 2019, M. A. X. commenced an ESA prosecution against Massachusetts state agencies to stop their licensing lobsterpot and gillnet fishing activity (Massachusetts Fishing Activity) off the US northeastern coast that is prohibited by the ESA. Massachusetts Fishing Activity is forced by state regulation to use VBR that kills and injures ESA Listed Species of whales and sea turtles. M. A. X. petitioned the USDC District of Massachusetts for both a TRO and a preliminary injunction to enjoin the defendants from licensing any Fishing Activity using VBR. On 30 April 2020, court issued an order that ruled that the use of VBR in US costal waters kills and injures Right Whales and is therefore prohibited by ESA Section 9 Take prohibitions.

Unfortunately, it refused to stop the use of VBR in Massachusetts Fishing Activity owing to the pendency of the instant action. Instead, it scheduled a trial on the merits to commence AFTER the Court rules on the Defendants' proposed regulations for its lobsterpot and gillnet fisheries that it has been order by the Court to be issued later this month (2021 Fishing Regulations). The district judge is intending to use the Court's prospective findings on the 2021 Fishing Regulations as binding precedent to determine its final judgment in M. A. X.'s ESA prosecution against the Massachusetts Fishing Activity.

M. A. X. is a state-licensed, lobsterpot fishermen in New Hampshire and Massachusetts. These states and NOAA/NMFS current Marine Mammal Protection Act Section 118 regulations require M. A. X. to use VBR on the licensed fishing gear he intends to deploy in US coastal waters in 2021. M. A. X. does not want to use VBR on his fishing gear because it entangles and kills ESA Listed Species of whales and sea turtles. If he refuses in 2021 to use VBR, NOAA/NMFS (and the states of NH & Mass) will prosecute him and then punish him by permanently revoking his ability to be get a lobsterpot fishing license in the future. As a result of these threats, he cannot engage in his permitted lobsterpot fishing activity in 2021 unless he can get the Court to immediately enjoin NOAA/NMFS from enforcing any regulation requiring his use of VBR in his lobsterpot fishing.

In the D.C. Circuit, courts evaluate the timeliness of a motion to intervene in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case. *Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001) (quoting *United States v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980)).

B. *M. A. X.'s Motion to Intervene is Timely*

The addition of M. A. X. as an intervenor will have no adverse impact on the ability of the instant proceedings to move forward on a timely basis as currently scheduled. M. A. X. is only seeking to fully enforce the ESA Section 9 take prohibitions against the Defendant Parties. He is seeking to petition the Court to permanently enjoin NOAA/NMFS from licensing & regulating lobsterpot and gillnet fishing off the US northeast coast that utilizes any Vertical Buoy Ropes. His prospective injunction request is very timely as the Court will not consider the legality of NOAA/NMFS fisheries regulations and issued fishing licenses for 2021 until

NOAA/NMFS files its ESA Section 7 biological opinion and MMPA Section 118 proposed regulations at the end of May 2021.

M. A. X. seeks no discovery from the parties. He will move the Court for a Final Judgment in the form of a permanent injunction against the NOAA/NMFS to immediately enjoin it from: 1) licensing any lobsterpot or gillnet fishing activity that utilizes any VBR; and, 2) Enforcing any regulation or requirement that VBR in any form must be used in the US northeast by federal and/or state licensed fishermen.

C.     *M. A. X. has Legally Cognizable Interests Threatened by the Outcome of This Case.*

M. A. X. has legally cognizable interests sufficient for intervention under Rule 24(a)(2). Rule 24(a) requires an applicant for intervention to possess an interest relating to the property or transaction that is the subject matter of the litigation. This "interest test" is not a rigid standard; rather, it is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); see also *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 69 (D.D.C. 2006).

M. A. X. is prosecuting NMFS/NOAA as a "Citizen Attorney General" under the ESA's & Congress' authorization for him to do so pursuant to 16 USC 1540(g). He has Article III standing to conduct this prosecution against the Defendant Parties in part owing to his economic and aesthetic interests in ESA Listed Species of whales and sea turtles. Example, the Northern Right Whale's population is so depleted by decades of being killed and injured by the Defendant Parties Fishing Activities, that the further killing of a single further Right Whale will irreversibly reduce and irreparably injure the species ability to either recover from its endangered status or evade imminent extinction as a species.

The required use of VBR in pot and gillnet fisheries by NOAA/NMFS is responsible for the vast majority of anthropogenic injury & killing inflicted on members of the Northern Right Whale species. In 2021, unless NOAA/NMFS are stopped from further requiring the use of VBR in coastal fisheries and also requiring M. A. X. and other state licensed pot and gillnet fishers to deploy VBR with their fishing gear, more Northern Right Whales will be killed and injured by the deployed VBR and their species will become condemned to inevitable extinction. The annual 11% rate of the decline of the size of the Right Whale remaining population from being killed by VBR will also continue.

D.    *M. A. X.'s Interest in ESA Listed Species of Whales and Sea Turtles are being Ignored by the Existing Trojan Horse Plaintiffs.*

M. A. X. also meets the final requirement for intervention as of right: that the existing parties may not adequately represent its members' interests. The "burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) ("The requirement . . . is satisfied if the applicant shows that representation of his interest may be inadequate . . . ." (internal quotation marks and citation omitted)); accord, *Fund for Animals*, 322 F.3d at 735–37. Courts have long recognized that while the mandate of government agencies is to represent the public interest, private entities naturally have a "more narrow and parochial financial interest." *Fund for Animals*, 322 F.3d at 737 (citation and internal quotation marks omitted); accord, *Natural Res. Def. Council, Inc. v. EPA*, 99 F.R.D. 607, 610 (D.D.C. 1983) (allowing intervention where EPA could not protect the potentially divergent interests of stakeholders).

The Trojan Horse Plaintiffs are in no way attempting to immediately stop NOAA/NMFS's further licensing in 2021 of VBR or its being required for use by all state and federal lobsterpot and gillnet fishing activity off the US northeast coastline. The opposite is true. Each of the Trojan Horse plaintiffs have filed in January 2021 official comments with NOAA/NMFS supporting the continued required use of VBR by NOAA/NMFS. It is incontrovertible that these WINGOS since the inception of the instant action have filed no motion with the Court seeking to enjoin NOAA/NMFS to immediately stop its further licensing of Fishing Activity using VBR. They have all openly supported the continued use of VBR in the lobsterpot and gillnet fisheries of the northeastern United States at levels comparable to VBR deployed in 2020.

If the Court allows M. A. X. to intervene as a true plaintiff, he will immediately file a motion for permanent injunction to enjoin NOAA/NMFS from the any further licensing of fishing gear using VBR and to stop its enforcing regulations that require the use of VBR fishing gear by state and federal fishing activity in 2021. NMFS is the regulator of the American lobster fisheries and the designated enforcer of the ESA/MMPA for marine wildlife. It has done nothing since 1973 but attempted to prevent the lawful enforcement of the ESA & MMPA.

Unless M. A. X. is allowed to intervene in the instant action, NOAA/NMFS will be allowed by the WINGOS to continue requiring the use of VBR in the US northeast lobsterpot

and gillnet fisheries. Without M. A. X.'s intervention, none of the Trojan Horse plaintiff will ask the Court to enjoin NOAA/NMFS from allowing any further deployment of VBR in US coastal waters. This "crime of omission" will encourage the Court to allow and tolerate more killing and injuring of Right Whales in 2021 by the Defendant Parties that will lead to the inevitable extinction of the Right Whale species.

    II.    IN THE ALTERNATIVE, MLA SHOULD BE GRANTED PERMISSIVE INTERVENTION.

In the alternative, and at a minimum, MLA should be granted permission to intervene under Rule 24(b).1 Rule 24(b) provides in relevant part: 1 If the Court concludes that MLA is entitled to intervene as of right, it need not reach the question of permissive intervention. Case 1:18-cv-00112-JEB Document 24 Filed 05/30/18 Page 8 of 13 8 Upon timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(1), (3).

To qualify for permissive intervention, an applicant must provide the following: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc*., 146 F.3d 1042, 1046 (D.C. Cir. 1998). Although an exercise of discretion, courts must consider whether intervention will cause undue delay or prejudice to the original parties. Id. at 1045.

M. A. X/ satisfies the Rule 24(b) standard for permissive intervention, for many of the same reasons it meets the standard for intervention as of right. First, M. A. X. has Article III standing to sue in his own right has been affirmed by many USDC currently and in the past. because (a) he faces a concrete and particularized "injury in fact" that is likely to occur if the Trojan Horse Defendants convince the Court to allow NOAA/NMFS to continue killing and injuring ESA Listed Species of whales and sea turtles. (b) M. A. X.s injury is "fairly traceable" to the remedies that he seeks, and (c) it is "likely that a decision favorable to [M. A. X.] would prevent that loss from occurring." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003) (approving of intervention where Trojan Horse Plaintiffs proposed remedy would cause

harm); see also *Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998) (same); Forest Cty. Potawatomi Cmty. v. United States, 317 F.R.D. 6, 11-13 (D.D.C. 2016) (same).

The existing regulatory scheme, including the challenged biological opinion and the Atlantic Large Whale Take Reduction Plan form the legal framework under which the Maine lobster fishery operates. A decision by this Court allowing NMFS to continue licensing fishing gear using VBR or requiring VBR use by the 2021 Atlantic Large Whale Take Reduction Plan will irreparably impair the ability of the Right Whale to recover or evade inevitable extinction. Third, it is plain that there are common issues of law and fact between M. A. X.'s intended prosecution and the instant action. The Trojan Horse Plaintiff's are seeking a remedy under the ESA/MMPA that authorizes the Defendant Parties to continue license, regulate and require the use of VBR in US northeast coastal fisheries. As a result, M. A. X. has a significant interest in the certainty and validity of the challenged plans warranting permission to intervene in this case.

III.   M. A. X.  HAS STANDING TO INTERVENE IN THIS CASE.

In the D.C. Circuit, applicants for intervention as of right must demonstrate standing under Article III of the Constitution. See *United States v. Phillip Morris USA, Inc*., 566 F.3d 1095, 1146 (D.C. Cir. 2009). Article III standing requires a showing of "(1) injury-in-fact, (2) causation, and (3) redressability." *Fund for Animals*, 322 F.3d at 733 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). An examination of the three standing requirements demonstrates that M. A. X. meets them.

Many federal courts have ruled in the past that M. A. X. will suffer irreparable injury if fishermen continue to use VBR in habitat where ESA Protected Species of whales and sea turtles are co-occurring. These injuries are redressable by the relief being sought. M. A. X.'s sought for relief – a permanent injunction enjoying further use of VBR – will stop almost all annual anthropogenic killing and injuries suffered by Northern Right Whales and other ESA Listed Species of whales and sea turtles.

Economic injury in any amount sufficiently also demonstrates standing. See *Sierra Club v. Morton*, 405 U.S. 727, 733–34 (1972) ("[E]conomic injuries have long been recognized as sufficient to lay the basis for standing[.]"); see also *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 689 n.14 (1973) ("We have allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an

action than . . . a $5 fine and costs . . . and a $1.50 poll tax . . . ."). Here, the threatened economic injury is substantial. M. A. X. as a licensed commercial & recreation fisher is unlawfully coerced by the NOAA/NMFS MMPA and fishing regulations to use VBR that he does not own and if coerced he would be engaging in conduct prohibited by the ESA. M. A. X. offers lobsters for sale that are only obtained through "Whale Safe" fishing practices. He will lose much income in 2021 if he cannot go fishing because the only way to do so is by using VBR and engaging in conduct prohibited by ESA Section 9 prohibitions. By its advertised offer, Whale Safe lobster cannot be obtained without fraud by using VBR that is prohibited by the ESA Section take prohibitions.

M. A. X. refers the Court to his offered verified complaint and accompanying declaration in support of his instant motion to intervene.

## Summary

M. A. X. has clearly shown that he is entitled to intervene as a matter of right or in the alternative by leave of the Court. The only way that the Defendant Parties will be stopped from using or requiring the use of VBR in 2021, will be as a request for injunctive relief from M. A. X. The Trojan Horse Plaintiffs will only encourage the Court to issue a judgment that the use of VBR in US coastal waters may continue for many years into the future. This single act of a "crime by omission" by the Court will ensure the inevitable extinction of the Northern Right Whale.

BY:
    /s/ Richard Maximus Strahan
    _____
    Richard Maximus Strahan
    Chief Science Officer
    Whale Safe USA
    esistoo@yahoo.com
    617-817-4402

    *Vir Rei Publicae Necessarius Est*

I certify that a copy of this document has been served TODAY on the Defendants by the ECF filing system.  /s/ Richard Maximus Strahan

VERIFICATION OF THE ABOVE DOCUMENT
I swear upon the pains and penalties of perjury that the allegations of fact that I made in the above document are known by me to the best of my ability to be true. Signed under the pain and penalties of perjury this 10th Day of May in the year 2021.  /S/ Richard Maximus Strahan

YES, on 9 May 2021 and before, I NOTIFIED the current parties of my intent to intervene today.
/s/ Richard Maximus Strahan