IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.* | )<br>)<br>) |
| *Plaintiffs*, | )<br>) |
| v. | )<br>) |
| GINA RAIMONDO[1], *et al.*, | ) Case No. 1:18-cv-00112-JEB<br>)<br>) |
| *Federal Defendants*, | )<br>) |
| MAINE LOBSTERMEN'S ASSOCIATION, | )<br>)<br>) |
| and | )<br>) |
| MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, INC., | )<br>)<br>)<br>) |
| *Defendant-Intervenors*. | )<br>) |

**FEDERAL DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT**

The Federal Defendants, the National Marine Fisheries Service, Gina Raimondo, in her official capacity as Secretary of the Department of Commerce, and Paul Doremus, Ph.D.,[2] in his official capacity as Acting Assistant Administrator of NOAA Fisheries, by and through undersigned counsel, request that the Court's judgment be set out in a separate document as provided for in Federal Rule of Civil Procedure 58(a), and in support state:

1. Fed. R. Civ. Pro. Rule 58(a) provides that most judgments must be set out in a separate document.

---

[1] Ms. Gina Raimondo is substituted as a party pursuant to Fed. R. Civ. P. 25(d).
[2] Dr. Doremus is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

2. Rule 58(d) allows a party to request that judgment be issued as a separate document.

3. In this case, on April 9, 2020, the Court granted Plaintiffs' Motion for Summary Judgment (Dkt. 66) as to Count I of Plaintiffs' Complaints (Dkt. 1 and *Conservation Law Foundation v. Raimondo*, No. 18-cv-231 (D.D.C.) (Dkt. 1)) and denied Federal Defendants' and Intervenor-Defendants' respective Cross-Motions for Summary Judgment. Dkt. 90, 91.

4. In its Memorandum Opinion, the Court also declined to consider Counts II, III, and IV of Plaintiffs' Complaints, and requested that the parties file briefs on an appropriate remedy. Dkt. 90 at 1, 91 at 19.

5. The Court has not at any time since it issued its April 9, 2020, Order and Memorandum Opinion indicate an intention to revisit Counts II, III or IV.

6. After the parties filed their respective briefs on remedy, on August 19, 2020, the Court vacated the 2014 Biological Opinion concerning the American lobster fishery at issue ("2014 BiOp") and remanded the 2014 BiOp to the National Marine Fisheries Service ("NMFS"). Dkt. 124, 125.

7. The Court also stayed its vacatur through May 31, 2021, to allow NMFS to finalize a new, biological opinion that would replace the 2014 BiOp. *Id*.

8. The Court also ordered NMFS to file status reports every sixty (60) days updating the Court on progress toward finalizing amendments to the Atlantic Large Whale Take Reduction Plan and accompanying new biological opinion to replace the 2014 BiOp. Dkt. 124.

9. NMFS filed such status reports on September 30, 2020, November 30, 2020, December 31, 2021, January 29, 2021, March 30, 2021, and May 27, 2021. Dkt. 127, 129, 130, 131, 132, 135.

10. After publishing and receiving feedback on its new draft biological opinion, NMFS completed its new, replacement biological opinion on May 27, 2021, concerning the American lobster fishery. Dkt. 135 (NMFS' May 28, 2021, Status Report).

11. Federal Defendants' May 27, 2021, completion of the superseding biological opinion effectively ended this litigation, and there is no further action for the Court to take.

12. Any further litigation by Plaintiffs in this matter must necessarily involve an examination of the new May 27, 2021, biological opinion and the administrative record for that biological opinion. The administrative record for the superseding biological opinion has not been gathered or filed; it is not before the Court. Should Plaintiffs or others wish to challenge the adequacy of the new biological opinion, any such challenge should occur in the context of a new lawsuit with a new administrative record.

13. Pursuant to local rule 7(m), the undersigned counsel conferred with counsel for Plaintiffs and Intervenor-Defendants. Plaintiffs' counsel stated that Plaintiffs oppose the instant motion. The Intervenor-Defendants' counsel stated that they do not oppose the instant motion.

WHEREFORE, Federal Defendants respectfully request that the Court's judgment be set out in a separate document as provided for in Federal Rule of Civil Procedure 58(a).

        Respectfully submitted,

        JEAN E. WILLIAMS
        Acting Assistant Attorney General
        Environment and Natural Resources Division
        U.S. Department of Justice
        Wildlife and Marine Resources Section

        */s/ J. Brett Grosko*
        _____
        J. BRETT GROSKO
        *Senior Trial Attorney* (Maryland Bar)
        Wildlife and Marine Resources Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        TEL: (202) 305-0342
        FAX: (202) 305-0275
        E-Mail: brett.grosko@usdoj.gov

*Of Counsel*

John Almeida
NOAA office of General Counsel
Gloucester, Massachusetts

## CERTIFICATE OF SERVICE

    I hereby certify that on June 2, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

            */s/ J. Brett Grosko*
            _____
            J. Brett Grosko