UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of Commerce, *et al.*,<br><br>Defendants,<br><br>and<br><br>MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, INC., *et al.*,<br><br>Defendant-Intervenors. | Civil Action No. 18-112 (JEB) |

**ORDER**

Plaintiffs and Defendant-Intervenors move to stay briefing on the Federal Defendants' Motion to Dismiss pending the D.C. Circuit's resolution of the companion case, MLA v. NMFS, No. 22-5238 (D.C. Cir.). As this seems the most prudent course, the Court will grant the Motion.

A federal district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In "the exercise of [its] judgment," the Court must "'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." Belize Soc. Dev. Ltd. v. Gov't of Belize, 668 F.3d 724, 732–33 (D.C. Cir. 2012) (citation omitted) (quoting Landis, 299 U.S. at 254–55; then citing id. at 259). "The proponent of a stay bears the burden of establishing its

1

need." Clinton, 520 U.S. at 708 (citing Landis, 299 U.S. at 255).  In order to determine whether a stay should issue, then, this Court considers (1) harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay — that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources.

The Court first considers "the injury to the party being stayed." Belize Soc. Dev., 668 F.3d at 732 (quoting Dellinger v. Mitchell, 442 F.2d 782, 787 (D.C. Cir. 1971)).  Federal Defendants principally argue that the Court should require that the Motion to Dismiss be briefed because they "need clarity now on the status of the legal landscape and to obtain relief from the Court's looming December 9, 2024[,] deadline for issuing the next Atlantic Large Whale Take Reduction Plan . . . amendment rule." ECF No. 248 (Def. Opp.) at 1.  Yet, as Movants explain, all parties agree that this "remedy deadline for a new TRP amendment rule is 'no longer operative' with respect to the lobster and Jonah crab fishery as a result of" Congress's Consolidated Appropriations Act of 2023.  See ECF No. 249 (Pl. and Def.-Int. Reply) at 2 n.1.  Federal Defendants' urgency concern is unwarranted; indeed, as Movants point out, the Government waited five months after passage of the Act to file their Motion to Dismiss.

On the second factor, Movants do not identify any harm that would befall them absent a stay beyond having to file potentially unnecessary pleadings.

The dispositive factor here is the third.  The Court concurs that waiting until the D.C. Circuit rules is the most efficient way to proceed.  The appellate decision will likely have an effect on how the Court should handle the Motion to Dismiss, and there is no reason for the Court to go forward while speculating on the content of that decision.

The Court, accordingly, ORDERS that:

1. The [246] Motion to Stay is GRANTED;

2. The case is STAYED until further Order of the Court; and

3. The parties shall file a joint proposed briefing schedule on the Motion to Dismiss within five days of the issuance of the Mandate in the <u>MLA v. NMFS</u> matter.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: <u>June 5, 2023</u>