## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> GINA RAIMONDO, *in her official capacity as Secretary of Commerce*, *et al.*, <br><br> *Federal Defendants*, and <br><br> MAINE LOBSTERMEN'S ASSOCIATION, *et al.*, <br><br> *Defendant-Intervenors*. | Case Nos. 1:18-cv-112-JEB <br>            1:18-cv-283-JEB <br><br> **STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

       Plaintiffs, Center for Biological Diversity, Defenders of Wildlife, Humane Society of the United States, and Conservation Law Foundation (collectively, "Plaintiffs"), and Federal Defendants, Gina Raimondo, in her official capacity as Secretary of the Department of Commerce; Janet Coit, in her official capacity as the Assistant Administrator of the National Marine Fisheries Service ("NMFS"); and NMFS (collectively, "Federal Defendants"), by and through their attorneys, stipulate as follows:

       WHEREAS, on January 18, 2018, Plaintiffs, Center for Biological Diversity, Defenders of Wildlife, and the Humane Society of the United States, filed their Complaint in the U.S. District Court for the District of Columbia alleging, *inter alia*, that NMFS had failed to comply with section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C § 706, and section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, by issuing an unlawful 2014 biological opinion ("2014 BiOp") concerning the authorization of the American lobster fishery ("Lobster

1

Fishery") and in relying on the 2014 BiOp in authorizing the Lobster Fishery; had failed to comply with ESA section 9, 16 U.S.C. § 1538, because authorization of the Lobster Fishery was causing the "take" of North Atlantic right whales; and had failed to comply with the APA and Marine Mammal Protection Act ("MMPA"), 16 U.S.C. §§ 1371(a)(5)(E), 1387(a)(2), by authorizing the Lobster Fishery without an MMPA incidental take authorization for right whales, Case No. 1:18-cv-112-JEB, Dkt. 1;

WHEREAS, on February 7, 2018, Plaintiff, Conservation Law Foundation also filed a Complaint in the U.S. District Court for the District of Columbia, alleging, *inter alia*, that NMFS had failed to comply with section 706 of the APA, 5 U.S.C § 706, and section 7 of the ESA, 16 U.S.C. § 1536, by issuing the unlawful 2014 BiOp and relying on that 2014 BiOp in authorizing the Lobster Fishery; failed to comply with ESA section 9, 16 U.S.C. § 1538, because authorization of the Lobster Fishery was causing the "take" of North Atlantic right whales; and had failed to comply with the APA and MMPA, 16 U.S.C. §§ 1371(a)(5)(E), 1387(a)(2), by authorizing the Lobster Fishery without an MMPA incidental take authorization for right whales, Case No. 1:18-cv-283-JEB, Dkt. 1;

WHEREAS, on May 2, 2018, the U.S. District Court for the District of Columbia consolidated those two Complaints, Case No. 1:18-cv-112-JEB,[1] 05/02/18 Minute Order;

WHEREAS, after summary judgment briefing, on April 9, 2020, this Court found that NMFS had violated ESA Section 7 by not including an incidental take statement in the 2014 BiOp, *Center for Biological Diversity v. Ross*, 613 F. Supp. 3d 336 (D.D.C. 2020);

---

[1] The remainder of the docket entry numbers cited herein refer to Case No. 1:18-cv-112-JEB because all filings for the consolidated cases were filed on that docket.

WHEREAS, in a second phase of this case, Plaintiffs Center for Biological Diversity, Conservation Law Foundation, and Defenders of Wildlife filed an amended and supplemented complaint to assert new ESA and MMPA claims concerning a 2021 NMFS biological opinion concerning NMFS's authorization of the Lobster Fishery and a 2021 final rule amending the Atlantic Large Whale Take Reduction Plan, Dkt. 170 (Sept. 17, 2021) ("Second Amended Complaint");

WHEREAS, following a second phase of merits and remedy briefing concerning the claims in the Second Amended Complaint, the Court ultimately granted in part and denied in part Defendants' motion to dismiss and to vacate this Court's orders and memorandum opinions, Dkt. No. 255, and dismissed this case as moot, Dkts. 260, 261;

WHEREAS, on June 3, 2024, Plaintiffs filed a motion for an award of attorneys' fees and costs, Dkt. 267 ("Fee Motion");

WHEREAS, on June 4, 2024, Plaintiffs and Federal Defendants agreed that they would attempt to resolve Plaintiffs' claim for fees and costs expeditiously without further litigation, Dkt. 268; *see also* Dkt. 270, 06/04/24 Min. Order, 08/29/24 Min. Order;

WHEREAS, Plaintiffs and Federal Defendants have agreed to the following settlement that they consider to be a just, fair, adequate, and equitable resolution of Plaintiffs' demand for attorneys' fees and costs;

WHEREAS, Plaintiffs and Federal Defendants agree that settlement of attorneys' fees and costs in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

WHEREAS, Plaintiffs and Federal Defendants enter into this Agreement without any admission of fact or law, or waiver of any claims or defenses, factual or legal;

ACCORDINGLY, PLAINTIFFS AND FEDERAL DEFENDANTS AGREE AND STIPULATE AS FOLLOWS:

1. Federal Defendants shall pay Plaintiffs $900,000.00 for attorneys' fees, costs, and other litigation expenses for case numbers 1:18-cv-283-JEB and 1:18-cv-112-JEB.

2. Federal Defendants shall make the payment required by Paragraph 1 and the agreed order below by electronic funds transfer.

3. Federal Defendants' payment, as identified in Paragraph (1) above, shall be accomplished by electronic funds transfer of $270,000 to the Center for Biological Diversity, P.O. Box 710, Tucson, Arizona 85702-0710; $270,000 to Defenders of Wildlife, 1130 17th Street, N.W., Washington, D.C. 20036; $90,000 to the Humane Society of the United States, 1255 23rd Street N.W., Suite 450, Washington, D.C. 20037; and $270,000 to the Conservation Law Foundation, 62 Summer Street, Boston, Massachusetts 02110. Plaintiffs agree to furnish Federal Defendants with the information necessary to effectuate the payment required by Paragraph 1 of this Agreement, including: the Plaintiffs' names, the payee's name, the payee's address, the payee's bank name and bank address, the payee's bank account name and account number, the account type, the Automated Clearing House ("ACH") routing number or the American Banking Association ("ABA") routing number for FedWire payment, the bank routing transit number ("RTN"), and each Plaintiff's tax identification number. Federal Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within 10 business days of the Court's approval of this Agreement or the receipt of the information described in this Paragraph, whichever is later.

4. Plaintiffs agree to accept Federal Defendants' payment of $900,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which they may be

entitled in this matter to date. Plaintiffs agree that receipt of this payment from Federal Defendants shall operate as a release of Plaintiffs' claims for attorney's fees and costs in this matter to date. Plaintiffs also shall provide to Federal Defendants confirmation of receipt of payment within 10 business days after receipt.

5. Except for the obligations specifically required under this Agreement, Plaintiffs agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $900,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount between Plaintiffs and Plaintiffs' counsel.

6. Federal Defendants reserve the right to contest fees claimed by Plaintiffs' counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

7. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

8. Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States reserves its right to offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

9 This Agreement contains the entirety of the agreement between Plaintiffs and Federal Defendants and is intended to be the final and sole agreement between them. Plaintiffs and Federal Defendants agree that any prior or contemporaneous representations or

understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

10. The terms of this Agreement shall become effective upon entry of this order by the Court approving the Agreement. Once entered, this Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a resolution of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

11. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.

12. The parties hereby jointly and respectfully request that the Court review and approve the terms of this Agreement and retain jurisdiction to enforce its terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

Respectfully submitted on December 18, 2024.

> TODD KIM
> Assistant Attorney General
> S. JAY GOVINDAN, Chief
>
> */s/ J. Brett Grosko*
> _____
> J. BRETT GROSKO
> *Senior Trial Attorney*
> Taylor A. Mayhall
> *Trial Attorney*
> U.S. Department of Justice
> Environment & Natural Resources Division
> Wildlife & Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, DC 20044-7611
> Phone: (202) 305-0342 (Grosko)

```
             (202) 598-3796 (Mayhall)
Fax:   (202) 305-0275 (fax)
Email: brett.grosko@usdoj.gov
       taylor.mayhall@usdoj.gov
```

*Attorneys for Federal Defendants*

*/s/ Kristen Monsell* (with permission)
_____

Kristen Monsell
Center for Biological Diversity
1212 Broadway Suite 800
Oakland, CA 94612
Tel: 510-844-7137
Email: Kmonsell@biologicaldiversity.org

*Attorney for Center for Biological Diversity*

*/s/ Jane P. Davenport* (with permission)
_____

Jane P. Davenport
Defenders of Wildlife
1130 17th Street, N.W.
Washington, DC 20036
Tel: (202) 722-3274
Fax: (202) 772-0273
Email: jdavenport@defenders.org

*Attorney for Defenders of Wildlife*

*/s/ Erica A. Fuller* (with permission)
_____

Erica A. Fuller
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
Tel: (508) 400-9080
Email: efuller@clf.org

*Attorney for Conservation Law Foundation*

*/s/ Nicholas Arrivo* (with permission)
_____
Nicholas Arrivo
The Humane Society of the United States
1255 23rd Street, N.W., Suite 450
Washington, DC 20037
Tel: 202-676-2339
Email: narrivo@humanesociety.org

*Attorney for Humane Society of the United States*

**IT IS SO ORDERED.**

_____
THE HONORABLE JAMES E. BOASBERG
CHIEF JUDGE, UNITED STATES DISTRICT COURT